SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 15 2024
ARTHUR JOHNSTON
BY ____________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**PATRICIA BALL, Individually and as Administratrix of THE ESTATE OF FORMEKA BALL, DECEASED, and on behalf of all wrongful death beneficiaries of FORMEKA BALL, DECEASED** **PLAINTIFF**

**VERSUS** **CAUSE NO.** 3:24-CV-632 DPJ-ASH

**RIVER OAKS HOSPITAL, LLC d/b/a MERIT HEALTH RIVER OAKS; JOHN DOES 1-10** **DEFENDANTS**

---

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

Plaintiff, Patricia Ball, individually and as Administratrix of The Estate of Formeka Ball, deceased, and on behalf of all wrongful death beneficiaries of Formeka Ball, deceased, by and through counsel, files this Complaint against River Oaks Hospital, LLC d/b/a Merit Health River Oaks (MHRO), and John Does 1-10 (collectively referred to as "Defendants") for the reasons set forth herein:

**A. Parties**

1. Plaintiff, Patricia Ball, is mother of Formeka Ball and Administratrix of the Estate of Formeka Ball, deceased, which is currently pending in Rankin County, Mississippi, the County of Ms. Ball's residence at the time of her death. Plaintiff Ball is a resident citizen of Rankin County, Mississippi

2. Defendant, River Oaks Hospital, LLC d/b/a Merit Health River Oaks (MHRO), is a Delaware company that was and is authorized and/or licensed to do business in the State of Mississippi. MHRO's home office is located at 4000 Meridian Blvd., Franklin, Tennessee.

MHRO may be served with process of this Court through its agent for service, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3. Defendants John Does #1-10 are individuals and/or entities that are liable to Plaintiffs for the damages identified herein but whose identities and capacities are presently unknown to Plaintiffs. Plaintiffs therefore identify said Defendants by fictitious name and will seek leave of this Honorable Court to amend this Complaint to show the true name(s) and/or capacity(ies) when same is ascertained. Plaintiffs allege that each Defendant designated herein as a "John Doe" is responsible for Plaintiffs' injuries in some manner and liable therefore by reason of negligence, gross negligence, wanton and reckless misconduct, breach of warranty and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damage occasioned to Plaintiffs herein.

**B. Jurisdiction and Venue**

4. Jurisdiction and venue are proper in this Court Jurisdiction and venue are proper in this Court pursuant to 28 U.S. Code § 1332, given that complete diversity of citizenship exists between the parties, the cause of action occurred in Rankin County and the amount in controversy exceeds this Court's minimum jurisdictional requirement. This Court has personal jurisdiction over Defendant MHRO pursuant to Mississippi Code Annotated § 13-3-57 since MHRO was conducting business in Mississippi and committed a tort in this state.

**C. Compliance With Statutes**

5. Plaintiffs have conducted an investigation regarding the allegations contained in this Complaint and have attached the attorney's certificate as required by Miss. Code Ann. §11-1-58 (1)(a). *See* Exhibit "A" attached hereto. Further, Plaintiffs served notice of their intention

to bring suit upon each Defendant and allowed the statutory period of time to elapse prior to filing this Complaint, pursuant to Mississippi Code Annotated § 11-46-11 and/or Mississippi Code Annotated § 15-1-36. *See* Exhibit "B" attached hereto.

**D. Facts and Claims**

6. On October 2, 2023, Ms. Ball presented to MHRO's emergency room complaining of sudden onset of left sided chest pain associated with shortness of breath that started earlier that morning. She was examined by Dr. Victoria Ross and Patrick Lewis, P.A. Ms. Ball complained that the tightness sensation in the left respiratory chest radiated to her left upper flank along with persistent shortness of breath, and she experienced tingling in her left hand. She also complained that the pain was persistent, not exacerbated by movement, activity or relieved with rest. She admitted to waking up in a cold sweat that morning and denied any nausea, vomiting, abdominal pain, urinary symptoms, headache or dizziness.

7. Dr. Ross and Mr. Lewis ordered an EKG, chest x-ray, CBC and one Troponin test. After testing was complete, Dr. Ross and Mr. Lewis then determined the source of Ms. Ball's pain was musculoskeletal even though Ms. Ball scored a minimum of a four (4) on the HEART score, which required, at a minimum, further observation and a second Troponin test. With no credible factual support, Ms. Ball was discharged with chest wall pain without further observation or testing.

8. On October 3, 2023, Ms. Ball was found unconscious in her home. She was pronounced dead by the EMT's upon arrival. Had Ms. Ball's Coronary thrombosis or atherosclerosis been properly and timely treated, she would have likely made an uneventful recovery from her condition.

9. Defendants' medical care of Ms. Ball, or lack thereof, was wanton, willful and/or performed with such gross negligence and/or reckless indifference to the rights and safety of Ms. Ball that punitive damages are proper.

**E. Causes of Action**
**Count One: Medical Negligence Against All Defendants**

10. Plaintiffs reallege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

11. At all material times herein, a physician – patient relationship existed between Patrick Lewis, P.A. and Dr. Victoria Ross, who were employees and/or agents of Merit Health River Oaks.

12. Defendants had a duty, given the circumstances of Ms. Ball, to use their knowledge and treat Ms. Ball, through maximum reasonable medical recovery, with such reasonable diligence, patience, skill, confidence, and prudence as is practiced by minimally competent caregivers in the same specialty or general field of practice throughout the United States, who have available to them the same general facilities, services, equipment, and options.

13. Patrick Lewis, P.A., Dr. Victoria Ross and Merit Health River Oaks and its staff breached the duty of reasonable care, skill and diligence, and were negligent, grossly negligent and reckless in a number of ways, including, but not limited to, their failure to properly examine, screen, diagnose, adequately treat and provide post-operative care to Ms. Ball during her visit at Merit Health River Oaks. Defendants breached the minimum duty of reasonable care, skill and diligence and were negligent, grossly negligent and reckless in the examinations, treatment and medical/surgical procedures, or the lack thereof, performed on Ms. Ball, which led to complications she experienced and her untimely death.

14. Defendant MHRO and its staff failed to exercise the minimum degree of care and skill required under Mississippi law regarding the proper staffing and consultation guidelines and procedures for the emergent of its patients. Defendants are directly liable as a result of the negligent failure to properly investigate, train, and screen the quality of services provided by the physicians and staff, and by failing to ensure that these individuals render adequate medical care to the patients as required by the standard of care of medical professionals. Such failures proximately caused and/or contributed to the injuries and damages suffered by plaintiffs and the death of their mother.

15. Specifically, Defendants breached their duties of care to Ms. Ball and were negligent and/or grossly negligent in the care and treatment given to Ms. Ball in one or more of the following ways:

a) Failure to provide minimally competent healthcare treatment;
b) Failure to adequately and proficiently monitor the health and physical well being of Ms. Ball;
c) Failure, despite apparent and objective symptoms, to properly recognize, diagnose, discover and/or adequately treat Ms. Ball's Coronary thrombosis or atherosclerosis;
d) Failure to appreciate and/or recognize the gravity of Ms. Ball's medical condition;
e) Failure to properly observe and properly report Ms. Ball's condition;
f) Failure to conduct such tests and examinations as were necessary for the proper diagnosis and care of Ms. Ball;
g) Failure to take immediate action to diagnose and treat Ms. Ball's Coronary thrombosis or atherosclerosis;
h) Failure to provide proper post operative care;
i) Failure to consult with medical practitioners with specialized expertise so as to determine Ms. Ball's medical condition and how to prevent prolonged damage to Ms. Ball;
j) Failing to timely transfer Ms. Ball once it was determined that MHRO did not have the proper staffing and/or means to properly treat Ms. Ball's condition; and
k) Other failures and negligent acts or omissions which led to the improper and delayed treatment of Ms. Ball.

16. Said negligent acts and/or omissions of Defendants were the direct and proximate

and/or proximate contributing causes of the herein-described incident and the resulting injuries sustained by Ms. Ball.

17. Ms. Ball's injuries, both physical and otherwise, and untimely death are the direct and proximate result of negligence, gross negligence and/or recklessness on the part of Defendants.

**Count II: Vicarious Liability**

18. Plaintiffs reallege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

19. At all times material, Ms. Ball was under the medical care and direction of Patrick Lewis, P.A. and Dr. Victoria Ross, who were agents of MHRO acting within the course and scope of their employment or otherwise acting within the capacity of their agency.

20. Defendant, MHRO, are vicariously liable for the negligent and/or grossly negligent acts and/or omissions of its physicians, including Patrick Lewis, P.A. and Dr. Victoria Ross, and for any other of its agents or servants who negligently delivered medical services in connection with the incident described herein.

**Count III: Breach of Warranty**
**As to all Defendants**

21. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

22. In consideration of Ms. Ball's agreement to pay for services rendered, Defendant impliedly warranted that Ms. Ball would be furnished with adequate, safe and proper care.

23. Defendant failed, refused and/or neglected to provide adequate, safe and proper care in the manner and form previously set forth herein.

24. Said breach of warranty by Defendant were proximate causes of the above-described incident, the resulting injuries sustained by Ms. Ball, and resulting losses and damages as described hereinafter.

**Count IV: Wrongful Death**
**As to all Defendants**

25. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

26. Defendant owed to Formeka Ball, decedent, a duty to exercise that standard of medical care required of minimally qualified medical providers with the same or substantially the same medical resources as were available in October 2, 2023. Defendant breached this duty. Such breach proximately caused or contributed to the death and damages sustained by Formeka Ball and the damages suffered by her family. These injuries include but are not limited to the following: loss of enjoyment of life, physical pain and suffering, emotional and mental pain and suffering, medical and funeral expenses, and loss of love, society and companionship.

**Count V: Gross Negligence, Punitive Damages, Etc.**
**As to all Defendants**

27. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

28. Defendants MHRO and its staff, including, but not limited to, Patrick Lewis, P.A. and Dr. Victoria Ross, were negligent, grossly negligent, and reckless in their performances or failure to perform certain medical examination and procedures on Ms. Ball. The treatment or lack thereof given to Ms. Ball was performed negligently by Defendants. Defendants' complete failure to adequately examine, screen, diagnose and treat Ms. Ball's coronary thrombosis or atherosclerosis is tantamount to gross negligence and/or recklessness. Defendants were

negligent, grossly negligent, and reckless in their failure to recognize the warning signs of Coronary thrombosis or atherosclerosis which began as early as October 2, 2023. Further, Defendants MHRO and its staff, including, but not limited to, Patrick Lewis, P.A. and Dr. Victoria Ross, were negligent, grossly negligent, and reckless in failing to provide Ms. Ball proper medical and/or surgical intervention. Ms. Ball's loss of her life, and the damages plaintiffs suffered were the direct and proximate result of the negligence, gross negligence, and recklessness on the part of Defendants in negligently examining Ms. Ball, negligently failing to diagnose Ms. Ball, negligently treating Ms. Ball, negligently performing or failing to perform necessary medical and/or surgical procedures upon Ms. Ball, and the delay in treating Ms. Ball's coronary thrombosis or atherosclerosis. Defendant conduct and/or omissions constitutes a willful and intentional wrong to Mrs. Ball, which was done with such gross and reckless negligence as is equivalent to such a wrong, and which entitles Plaintiff to punitive damages in an amount to be proven at trial.

29. Said intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts and/or omissions of Defendant were proximate causes of the above-described incident, the resulting injuries sustained by Ms. Ball, and resulting losses and damages as described hereinafter.

**F. DAMAGES**

30. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

31. As a result of Defendants' negligence, misrepresentations, and other conduct as

alleged herein, Formeka Ball, deceased, as well as, her wrongful death beneficiaries sustained injuries and incurred substantial damages as listed below including, but not limited to, the following:

(a) Past doctor, hospital, drug, and medical bills;

(b) Past and future mental anguish and emotional distress;

© Physical pain and suffering;

(e) Loss of enjoyment of life;

(f) Emotional and mental pain and suffering, medical and funeral expenses, and loss of love, society and companionship

(g) Lost wages; and

(h) Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

32. The actions and/or inactions of Defendant as set forth in this complaint constitute willful, wanton, intentional, and/or grossly negligent actions and/or inactions entitling Plaintiff to an award of punitive damages.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully demand a trial by jury and respectfully request that judgment be entered against Defendants River Oaks Hospital, LLC d/b/a Merit Health River Oaks, and John Does 1-10, individually, jointly and severally, for compensatory damages in the amount of $5,000,000.00, and pre-judgment and post-judgment interest, all costs and all other relief of any kind deemed proper in the premises.

Respectfully submitted this the 10th day of ~~September~~ October, 2024

**Patricia Ball, individually and as Administratrix of the Estate of Formeka Ball, Deceased, and on behalf of all wrongful death beneficiaries of Formeka Ball, Deceased**

BY: Benjamin N. Philley
Counsel for Plaintiffs

OF COUNSEL:

KILPATRICK & PHILLEY, PLLC
Benjamin N. Philley MSB #101556
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157
Telephone: 601.856.7800
Facsimile: 601.856.7031
E-mail: bphilley@kplawms.com